# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  2:14-CR-00207-01 |
| VERSUS | JUDGE MINALDI |
| FRANKIE MALDONADO | MAGISTRATE JUDGE KAY |

### MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL

NOW INTO COURT, through undersigned counsel, comes FRANKIE MALDONADO, (hereinafter referred to as "Mover"), the defendant in this matter, who respectfully request that this court find this matter to be factually and legally complex, and as a result, it is in the best interests of Movers and the public that the trial of this matter be continued.

1.

Mover has been charged in a three-count grand jury indictment with, on June 1, 2014 and June 22, 2014, two counts of production of child pornography, in violation of 18 U.S.C. §2251(a), and, on June 22, 2014, and with one count of traveling in interstate commerce for the purpose of engaging in illicit sexual contact with a minor, in violation of 18 U.S.C. §2423(b).

2.

Trial is scheduled on August 4, 2015.

3.

The Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) provides that any period of delay resulting from a continuance granted by any Judge at the request of Mover or his counsel shall be excluded in computing the time within which the trial of the offense must commence under the provisions of

§3161(c)(1), provided the Judge grants such continuance based upon a finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and Mover in a speedy trial.

4.

The Speedy Trial Act and *U.S. v. Willis*, 958 F.2d 60 (5th Cir. 1992), require an **"ends of justice"** analysis and that the district court state, for the record, either orally or in writing, the reasons why the ends of justice are served by the continuance.  18 U.S.C. §3161(h)(7)(A).

6.

The factors that the court should consider in determining whether to grant an ends of justice continuance are set forth in 18 U.S.C. §3161(h)(7)(B) and are:

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

2

7.

Pursuant to 18 U.S.C. §§3161(h)(7)(B)(i) and (ii), failure to grant a continuance would result in a miscarriage of justice and due to the nature of the prosecution, and it is unreasonable to expect adequate preparation for pretrial proceedings, or for the trial itself, within the time limits established by this section.   Discovery is ongoing.   Additionally, because of legal and factual issues that Mover has raised with undersigned counsel, both legal and factual investigation by undersigned counsel is not yet complete.    Also, all parties are diligently attempting to resolve this matter without a trial, and failure to grant a continuance may result in a trial that may not be necessary.

8.

Undersigned counsel has discussed the necessity for this continuance with Mover, and Mover agrees that a continuance is necessary.   Mr. John Luke Walker, Assistant United States Attorney, does not oppose this continuance.

RESPECTFULLY SUBMITTED,

REBECCA L. HUDSMITH
FEDERAL PUBLIC DEFENDER FOR THE
MIDDLE & WESTERN DISTRICTS OF LOUISIANA

BY:    S/ WAYNE J. BLANCHARD (LA #3113)
       Assistant Federal Public Defender
       102 Versailles Blvd., Suite 816
       Lafayette, Louisiana  70501
       (337)262-6336 (Phone)      (337)262-6605 (Fax)
       email:   Wayne.Blanchard@fd.org

       Counsel for FRANKIE MALDONADO

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above MOTION TO CONTINUE TRIAL has been served on Mr. John Luke Walker, Assistant United States Attorney, 800 Lafayette Street, Suite 2200, Lafayette, Louisiana  70501, via notice of electronic filing (NEF).

Lafayette, Louisiana, July 16, 2015.

RESPECTFULLY SUBMITTED,


REBECCA L. HUDSMITH
FEDERAL PUBLIC DEFENDER FOR THE
MIDDLE & WESTERN DISTRICTS OF LOUISIANA


BY:    S/ WAYNE J. BLANCHARD (LA #3113)
Assistant Federal Public Defender
102 Versailles Blvd., Suite 816
Lafayette, Louisiana  70501
(337)262-6336 (Phone)      (337)262-6605 (Fax)
email:   Wayne.Blanchard@fd.org

Counsel for FRANKIE MALDONADO

4